UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**DEANDRE HOPSON**                                                              **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:12CV-722-M**

**JUDGE JAMES SHAKES** *et al.*                                                **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff DeAnDre Hopson filed a *pro se* complaint. Because he is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the complaint will be dismissed.

**I.**

Plaintiff sues twenty-seven Defendants, many of whom he has sued in other cases filed in this Court, and makes numerous allegations, many of which he has raised in other cases filed in this Court.[1] As Defendants, he names: Judge James Shakes, Interchange Law Offices, Frank Mscagni, Susan Gibson, Auguair Law Offices, Charlie Cunnigham, Charles Hadgan, Steve Briesher, Officer Shiffett, Judge Stringer, Attorney General, Commonwealth Attorney's Office, U of L Hospital, Ron Smith, Benny Berry, Benny Lightsey, Ruth Spencer, Kentucky Farm Bureau, "Al Queda (Terrorist Leader)," Secret Service, FBI, Department of Justice,

---

[1]*See, e.g.*, *Hopson v. Huffman et al.*, 3:12CV-262-S; *Hopson v. Kentucky Bar Association et al.*, 3:12CV-505-S; *Hopson v. Secret Service et al.*, 3:12CV-770-H; *Hopson v. Spencer et al.*, 3:12CV-744-M.

Commonwealth of Kentucky, Judge Charles Simpson, Judge Russell, Judge Coffman, and Judge Heyburn. Plaintiff alleges the following causes of action: "Federal Extortion also Obstruction of Justice." In an attachment to the complaint, he references the Hobbs Act and 18 U.S.C. § 241.

As it is difficult to summarize Plaintiff's claims, the Court will quote portions of his complaint. Plaintiff claims that "Judge Shakes is Knowingly and willing to set up Kangaroo courts For Defendents Benny Berry also Denise Rainey and Benny lightsey" and that "Judge Shakes is part of secret Faternity of Defendents who are exellent at KickBack Fraud wit Banks And Finicial company's." He further claims that "In Exchange For Kangaroo set up in these court Judge James Shakes voteing campaing has been paid For By Defendents of these court cases Benny Berry Also Benny lightsey with Stolen Insurance money From Kentucky Farm Bureau," and "Judge James Shakes is in Terrorist Faternity, useing illegal money to buy A set to Further Railroad DeAndre Hopson."

Plaintiff additionally claims that the "Interchange law Firm is responsible For Attempting to DeFraud the goverment on False Claims Act set up By Mark Chandler to have Gary Huffman, Detective lie to grand jury to gain False inditement to catch Hopson's Robery one charge"; that "Frank Mscagni Never Filed Any motions in DeAnDre' Hopson case For soler charges, also Hide the Date DeAnDre Hopson was suppose to testify to grant jury . . . ."; that "Susan Gibson - Judge . . . picked For two False charges applied to DeAnDre Hopson to Hold as extortion cases of Hopson's Freedom, so criminals could extortion money And Hold For levearage on Him, while Defendents Rob Him [illegible]."

Also according to the complaint, "Sam's law Firm Robbed Peter to pay Paul and then stole Hopson Malpractice claim Already in Advance, that's why he was First at Hospital to sign

2

Hopson up At U of L Hospital Before Hopson ever even Had criminal charges pending on Defendents Denise Rainey who is just a name and Face controled by Benny Berry Also Benny lightsey, . . . ."  Additionally, Plaintiff contends that "Judge Stringer was a sit in Judge For Judge Gerber who granted my Temporary custody of my children After Domestic voilence chage Applied to Ruth Spencer who later was, intimadated By these gentel men" and that "Charles Hadgen was Lightseys Family Attorney i Future cases in court, Done By these criminals and Terrorist."  Plaintiff further contends that "Ruth Ann tried to Kill Me"; that "Ron Smith is Real Estate Commisoner appointed by Gov Briesher who is Direct link to Benny Berry also Benny lightsey so All the Fraud is really From Government Officails"; and that Kentucky Farm Bureau "is in Direct conflict of Interest setteling A case without my signiture."

Plaintiff further claims that "Officer Shiffet - Keep coming to my House After calls reported on Ruth Spencer voilated Domestic Violence order to protect me, my 74 year old mom From more War Crimes And Crimes Against Humanity of a person created By God."  He states, "These Officer will not take pitures, or take real report, or anything just leaveing me and My Kids And Mom to Be consumed By these False pretender paper Gangsters."

As relief, Plaintiff seeks $10 million dollars each in monetary and special damages and for pain and suffering from each Defendant.

## II.

Plaintiff alleges obstruction of justice.  Obstruction of justice, however, is a federal crime.  The federal obstruction of justice statutes, 18 U.S.C. §§ 1501 *et seq.*, do not provide for a private cause of action or civil remedies.  *See, e.g.*, *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) ("Hamilton possesses no private right of action against the defendants for alleged

violations of 18 U.S.C. §§ 1505, 1506, and 1509."); *Marshall v. Green*, No. 3:10CV–224–H, 2010 WL 1959514, at *3 (W.D. Ky. May 17, 2010) ("Obstruction of justice is a criminal charge that does not provide a private cause of action."). Plaintiff's claim of obstruction of justice will be dismissed.

Plaintiff also broadly alleges a cause of action for "extortion" in the complaint. In an attachment to the complaint, however, he cites to the Hobbs Act, which is codified at 18 U.S.C. § 1951. Under § 1951,

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The Hobbs Act is a criminal statute, and "federal courts have consistently found that the Hobbs Act does not support a private cause of action." *Faller v. Rogers*, No. 1:05CV-167M, 2006 WL 314554, at *7 (W.D. Ky. Feb. 8, 2006) (quoting *Campbell v. Austin Air Sys., Ltd.*, 423 F. Supp. 2d 61, 72 (W.D.N.Y. 2005)); *see also Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408-09 (8th Cir. 1999) ("[N]either the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect an intent by Congress to create a private right of action."); *Bajorat v. Columbia-Breckenridge Dev. Corp.*, 944 F. Supp. 1371, 1377-78 (N.D. Ill. 1996) (listing cases that have uniformly held that the Hobbs Act does not carry an implied private right of action); *Peterson v. Philadelphia Stock Exch.*, 717 F. Supp. 332, 336 (E.D. Pa. 1989) (finding that "the Hobbs Act only provides for criminal sanctions" as neither the Act itself nor the legislative history contains language suggesting the intent or concern for civil relief).

This Court also concludes that the Hobbs Act provides no private cause of action. Plaintiff's extortion/Hobbs Act claims will be dismissed.

Similarly, Plaintiff's claim under 18 U.S.C. § 241 fails to state a claim. Section 241 is a statute that criminalizes conspiracies to violate civil rights and does not create a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003).

Finally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Plaintiff's complaint meets this standard and will be dismissed on this basis as well.

For the reasons set forth more fully above, the Court will dismiss the complaint by separate Order.

Date: April 18, 2013

*Joseph H. McKinley signature*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4414.005

5